## Joe Kimble v. The State.

### No. 11171.   Delivered December 14, 1927.

#### Rehearing denied February 1, 1928.

**1.—Theft From the Person—Requested Charge—Covered by Main Charge— Properly Refused.**

The court properly refused a requested charge presented by appellant which singled out the circumstance of the possession of the property recently stolen by appellant, and ignored other circumstances detailed in the evidence. This charge did not fairly present the law and facts and was properly refused, and the issue sought to be presented was fully covered by the main·charge.

##### ON REHEARING.

**2.—Same—Evidence—Held Sufficient.**

Where prosecuting witness Powell was shown to have had his watch stolen from his person on a train, and appellant was seen sitting in the same seat with said witness at about the time the watch was stolen, and shortly thereafter was found in possession of the stolen watch, claiming ownership, this proof was sufficient to support the verdict.

Appeal from the District Court of Williamson County.   Tried below before the Hon. Cooper Sansom, Judge.

. Appeal from a conviction for theft from the person, penalty two years in the penitentiary.

The opinion states the case.

*Wilcox & Graves* of Georgetown, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is theft from the person as denounced by Art. 1437, P. C., 1925, punishment fixed at confinement in the penitentiary for a period of two years.

The evidence is circumstantial.   J. L. Powell, the injured party, boarded a train at Smithville, Texas, on his way to Temple.   At Taylor, between Smithville and Granger, he examined his watch.   He fell asleep before reaching Granger and did not awaken until he reached Temple, at which time he did not have his watch.   One of the train employees stated that the appellant got on the train at Granger, stating that he was

going to Bartlett. He was not on the train when it reached Temple. It seems that the only occupants of the coach besides Powell and the appellant were the porter and a passenger. The latter two testified to circumstances going to show that the appellant for a time occupied the same seat upon which Powell was asleep; that he took that position after noticing that Powell was asleep; that this occurred before the train left Granger, where it remained for about an hour. However, a negro came into the coach at the same time as the appellant and left soon after entering. The evidence is indefinite as to the place where appellant left the train.

The witness Crayton testified that he received from the appellant an Elgin open-face watch in a gold case. He identified the watch which ·was exhibited on the trial as the watch which he received from the appellant. According to his testimony, Crayton gave the watch to Lindsey, the City Marshal at Granger. According to Crayton, when the appellant delivered the watch, he stated that he had gotten it from a fellow on the train. Appellant borrowed a sum of money from Crayton and gave him the watch to keep as security therefor. Lindsey testified that he received the watch from Crayton. Powell, testifying, identified the watch as the one taken from him.

The court gave an instruction upon the law of circumstantial evidence.

Appellant requested several special charges, the effect of which was to single out the circumstance of the possession of the property recently stolen by the appellant and to inform the jury that it was upon that circumstance alone that the conviction was sought. Such a charge ignored the other circumstances to which reference has been made and which were detailed in the evidence. It is believed that the instruction given the jury, including that on circumstantial evidence, fully covered the issues involved and protected the rights of the appellant.

The judgment is affirmed. *Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The record shows that a watch was taken from the person and possession of Mr. Powell while he was asleep on a train, in February, 1927. During the same month appellant gave Powell's watch, as security for a loan, to Mr. Crayton, telling the latter that he got the watch from a fellow on the train. Hollis swore that he was on the train with Powell on the night when the watch was lost, saw appellant get

on the train at Granger, and later saw him sit down on the seat by Powell who was asleep. When Powell awoke the leather thong holding his watch was cut. Appellant introduced no witness. The facts fully make out a case against appellant. There appears nothing in the record supporting any theory that another than appellant took or participated in taking the watch in question. Nor is there anything suggesting that appellant's possession of said watch while he had it, was not personal and exclusive. We are unable to see how any possible injury could have resulted to the rights of appellant in the failure of the court to give special charges asked, complaint of the refusal of which appears in this motion.

Being unable to agree with the contentions made by appellant, the motion for rehearing will be overruled.

*Overruled.*